UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUDA TARABISHI,<br><br>        Plaintiff,<br><br>    v.<br><br>CHRISTINA HART,<br><br>        Defendant. | Case No. 23-cv-01231-SVK<br><br>**ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 7 |

Pro se Plaintiff Houda Tarabishi filed this tort action on February 14, 2023 in the Santa Cruz County Superior Court. Dkt. 2-1. In removing the action to this Court on March 17, 2023, Defendant filed a certification pursuant to 28 U.S.C. § 2679(d) that Defendant Hart was acting within the course and scope of her employment at the time of the incident alleged in the Complaint. Dkt. 2. As a result of this certification, Plaintiff's claim against Defendant Hart is deemed an action against the United States, which has been automatically substituted as Defendant. 28 U.S.C. § 2679(d)(2). Additionally, Plaintiff's claim against the United States must be brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq. Id.* Both Parties have consented to the jurisdiction of the undersigned. Dkts. 14-15.

Defendant United States moved to dismiss Plaintiff's Complaint on March 24, 2023, for lack of subject matter jurisdiction. Dkt. 7. Defendant argues, and presents supporting evidence, that Plaintiff failed to exhaust her administrative remedies before filing suit. *Id.*, Dkt. 7-1 (Russell Decl.) ¶¶ 6-7. Under the FTCA, exhaustion of administrative remedies is a jurisdictional prerequisite. 28 U.S.C. §§ 2401(b), 2675(a); *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). Plaintiff has neither alleged that she has exhausted her administrative remedies nor opposed Defendant's motion to dismiss.

Because it appears that the Court lacks subject matter jurisdiction over this action, Plaintiff

is **ORDERED** to respond in writing by **May 16, 2023** and to appear before the Court on **May 23, 2023** at **10:00 a.m.** and show cause why the Court possesses jurisdiction over her claim in light of 28 U.S.C. § 2675(a) and why the Court should not dismiss the action. The hearing will be held via Zoom and can be accessed using the following link: https://www.cand.uscourts.gov/svk. The Parties are encouraged to review the Court's guidance on Zoom appearances in advance of the hearing, which can be found at https://www.cand.uscourts.gov/zoom/. In the alternative, the Parties may stipulate to dismissal pursuant to Federal Rule 41 by **May 16, 2023**, in which case the Parties need not appear for the hearing. The May 2, 2023 hearing on Defendant's motion to dismiss is **VACATED**.

The Court encourages Plaintiff to seek out the assistance of the Federal Pro Se Program, which offers free legal information for pro se litigants. While the Program does not provide legal representation, a licensed attorney may assist Plaintiff with aspects of her case, such as responding to this order. The Program's phone number is (408) 297-1480. More information on the Program is available on the Court's website at https://cand.uscourts.gov/helpcentersj.

Plaintiff may also wish to consult a manual the Court has adopted to assist pro se litigants in presenting their case. An online version of the manual, as well as other free information for pro se litigants, is available on the Court's website at https://cand.uscourts.gov/pro-se.

**SO ORDERED.**

Dated: April 18, 2023

_____
SUSAN VAN KEULEN
United States Magistrate Judge